IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| MOZELLA JENKINS-DYER,  )<br>as next friend of I.N.J.D.,  )<br>  )<br>          **Plaintiff,**  )<br>  )<br>v.  )<br>  )<br>EXXON MOBIL CORPORATION,  )<br>  )<br>          **Defendant.**  )<br>_____) | CIVIL ACTION<br><br>No. 08-2095-KHV |

### **MEMORANDUM AND ORDER AND ORDER TO SHOW CAUSE**

Mozella Jenkins-Dyer, pro se, filed a motion in Kansas state court to enforce a journal entry in a child support proceeding which required Connington L. Wood to name his natural daughter as the beneficiary of his employee life insurance policy. The motion asked the state court to order that Exxon Mobil Corporation – Wood's employer – "enforce and recognize" the journal entry. On February 29, 2008, Exxon Mobil filed a notice of removal under 28 U.S.C. §§ 1441 and 1446, which asserted subject matter jurisdiction under 28 U.S.C. § 1331. More specifically, Exxon Mobil argued that the motion to enforce the state court order constituted a new action for employee benefits which raised a federal question under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq., and rendered the motion removable to this Court. This matter comes before the Court plaintiff's Motion For Remand (Doc. #8) filed March 31, 2008. For reasons stated below, the Court overrules the motion but orders Exxon Mobil to show cause why the matter should not be remanded on alternate grounds.

### **Factual And Procedural Background**

Wood and Jenkins-Dyer are the natural parents of I.N.J.D. On June 25, 2003, in a journal

entry regarding custody and support of I.N.J.D., the District Court of Wyandotte County, Kansas ordered Wood to name his daughter as a beneficiary on any life insurance policies on which he was insured. At that time, Wood worked for Exxon Mobil and had a life insurance policy under the Exxon Mobil Family Adjustment Insurance Plan. Wood maintained this life insurance policy until his death in May of 2007, but did not name any beneficiary of the policy. The plan administrator therefore denied plaintiff's claim to the policy proceeds.[1]

On January 24, 2008, in the Wyandotte County District Court, plaintiff filed a motion to enforce the journal entry of June 25, 2003. She served a copy of the motion on Exxon Mobil on January 30, 3008. On February 26, 2008, the state court ordered Exxon Mobil to enforce and recognize the journal entry. Plaintiff apparently had not joined Exxon Mobil as a defendant in that case, and Exxon Mobil apparently did not seek to intervene. Nevertheless, three days later, on February 29, 2008, Exxon Mobil purported to remove the motion to a federal court.[2] Plaintiff argues that the Court should order remand because (1) Exxon Mobil did not timely file the notice of removal; (2) the state court order of February 26, 2008, was a final judgment which could not be removed; and (3) the Court lacks subject matter jurisdiction.

---

[1] The plan administrator – Life Insurance Company of North America – has filed a separate interpleader action which names plaintiff and Anita L. Wood (Connington Wood's wife at the time of his death) as competing claimants to the proceeds of the life insurance policy. See Life Ins. Co. of N. Am. v. Jenkins-Dyer, case no. 08-2129-KHV. The pendency of that action suggests that the plan administrator has not paid the policy proceeds to any claimant.

[2] The notice of removal clearly reflects Exxon Mobil's intent to specifically remove only the motion to enforce the state court order, rather than the entire child custody proceeding from which the motion originated. See Notice Of Removal (Doc. #1) filed February 29, 2008 ¶¶ 1-2 (describing removal of action which motion commenced on January 24, 2008).

## Analysis

Under 28 U.S.C. § 1441(a), "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending." The Court applies a presumption against removal jurisdiction, Laughlin v. Kmart Corp., 50 F.3d 871, 873 (10th Cir. 1995), and defendant bears the burden to demonstrate the appropriateness of removal from state to federal court, Baby C v. Price, 138 Fed. Appx. 81, 83 (10th Cir. 2005) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)). Removal statutes are strictly construed and the Court resolves all doubts against removal. Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982). If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. 28 U.S.C. § 1447(c) .

Because plaintiff proceeds pro se, the Court construes her filings liberally. Lewis v. Comm'r, 523 F.3d 1272, 1273 n.1 (10th Cir. 2008). As noted above, plaintiff argues that the Court should remand this case because (1) Exxon Mobil did not timely file the notice of removal; (2) the state court order of February 26, 2008, was a final judgment which cannot be removed; and (3) the Court lacks subject matter jurisdiction.

**I.   Timeliness Of Removal**

Plaintiff argues that Exxon Mobil did not timely remove the matter from state court. Under 28 U.S.C. § 1446(b), defendant must file the notice of removal within 30 days of receiving the initial state court pleading, or if the initial pleading does not state a removable claim, within 30 days of receiving "an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." The removal period does not begin until

...

defendant is able to intelligently ascertain removability so that its petition for removal can include a simple and short statement of the facts. Huffman v. Saul Holdings Ltd. P'ship, 194 F.3d 1072, 1078 (10th Cir. 1999). The circumstances permitting removal must normally come about as a result of a plaintiff's voluntary act. Id.

Before plaintiff filed and served the motion to enforce the state court order, Exxon Mobil had no involvement in the state action. Exxon Mobil was not a party to the child custody proceeding and its employee insurance program was not the subject of litigation until Wood died and plaintiff made a claim to the policy proceeds. The parties do not dispute that Exxon Mobil first learned of the case when plaintiff served her motion to enforce the state court order. Under these circumstances, Exxon Mobil could not have intelligently ascertained removability until it received the motion on January 30, 2008. If the motion was removable and non-party Exxon Mobil was entitled to remove it – which the Court discusses in greater detail below – Exxon Mobil timely acted to remove the matter on February 29, 2008 – exactly 30 days after it received the motion. Accordingly, the Court overrules the motion to remand on this ground.

**II.     Finality Of The State Court Action**

Plaintiff argues that the state court order of February 26, 2008, is a final decision that cannot be removed to federal court. More specifically, she argues that removal is not appropriate because "defendant did not appeal the decision; and the time to appeal has expired." See Plaintiff's Reply To Defendant's Memorandum In Opposition To Plaintiff's Motion For Remand (Doc. #14) filed May 7, 2008 at 2. In essence, plaintiff argues that the Rooker-Feldman doctrine – see Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923); District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983) – strips the Court of subject matter jurisdiction. The Rooker-Feldman doctrine prevents

federal district courts from assuming jurisdiction over cases "brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005).

Recently, the Tenth Circuit explained that Rooker-Feldman does not bar the exercise of removal jurisdiction because "[p]roper removal does not constitute an appeal, de facto or otherwise, of the state court proceedings but a continuation of them." Jenkins v. MTGLQ Investors, 218 Fed. Appx. 719, 723-24 (10th Cir. 2007) (citing Freeman v. Bee Mach. Co., 319 U.S. 448, 452 (1943)). In Jenkins, defendant removed the state action after the state court had entered default judgment and successfully moved the federal district court set aside the default judgment under the Federal Rules of Civil Procedure. Id. at 722. The Tenth Circuit rejected the argument that Rooker-Feldman prevented the federal district court from setting aside the default judgment, holding that the doctrine "has no application to a properly removed case where, as here, there is no attack on a separate and final state-court judgment." Id. at 724. Here, plaintiff has not identified any separate and final state court judgment which Exxon Mobil attempts to collaterally attack through removal of the motion to enforce the state court journal entry. Accordingly, the Court overrules the motion to remand on that ground.

### III.    Federal Question

Plaintiff argues that the Court lacks subject matter jurisdiction because the case does not involve a federal question. Under ERISA, federal law supercedes state law on questions involving certain employee benefits plans. 29 U.S.C. § 1144(a). Specifically, ERISA controls claims by beneficiaries to recover benefits from a covered plan, Metro. Life Ins. Co. v. Taylor, 481 U.S. 58,

62-63 (1987), including claims to life insurance proceeds under an employer's group insurance plan, see Lewis v. Aetna U.S. Healthcare, Inc., 78 F. Supp.2d 1202, 1204 (N.D. Okla. 1999) (claims for proceeds of employee life insurance policy relate to employee benefit plan).

Here, the parties do not dispute that the Family Adjustment Insurance Plan is an employee benefit plan under ERISA. See 29 U.S.C. § 1002(1) ("employee welfare benefit plan" includes plan which employer maintains through purchase of insurance to provide benefits in event of death). As such, ERISA governs plaintiff's claim to the proceeds of Wood's insurance policy administered under that plan.[3] This preemption creates a claim which is "necessarily federal in character." Metro. Life Ins. Co., 481 U.S. at 67. The Court therefore overrules the motion to remand on the ground that plaintiff has not raised a federal question.

**IV.   Order To Show Cause**

Although the Court has rejected plaintiff's arguments for remand, it is not convinced that Section 1441(a) authorized the removal of the case. Exxon Mobil has removed the motion to enforce the state court order, which – it claims – initiated an independent action. See Notice Of Removal (Doc. #1) filed February 29, 2008 ¶¶ 1-2 ("On or about January 24, 2008, an action was commenced by plaintiff in the District Court of Wyandotte County, Kansas"; "The Action was initiated by a 'Motion to Enforce Court Order' filed by plaintiff"). In fact, the motion to enforce appears to be a continuation of the original child support proceeding in which the state court entered the journal entry

---

[3] The effect of the state court order that Exxon Mobil enforce and recognize the journal entry of June 25, 2003, is unclear. Plaintiff represents that she filed the motion to enforce the state court order as a means of compelling Exxon Mobil to pay her the proceeds of the insurance policy. The Court therefore finds that the matter is fairly characterized as a claim to proceeds under the employee benefit plan.

of June 25, 2003.[4]

As noted above, Section 1441(a) permits defendants to remove certain "civil actions" from state court. Because the statute speaks specifically of defendants initiating the removal procedure, non-parties are not authorized to remove actions to federal court. See Am. Home Assurance Co. v. RJR Nabisco Holdings Corp., 70 F. Supp.2d 296, 298-99 (S.D.N.Y. 1999) (non-party, even if real party in interest, has no authority to notice removal under Section 1441(a)); see also Crow v. State Indus., No. 01-2555-GTV, 2003 WL 1053945, at *3, n.3 (D. Kan. Feb. 27, 2003) (expressing skepticism with idea that non-party has authority to file notice of removal). Here, the record does not suggest that Exxon Mobil was a defendant in the state court proceeding and the Court is not convinced that Section 1441(a) authorizes Exxon Mobil to remove the matter to this Court.

Moreover, matters which are supplemental, ancillary or incidental to state court proceedings are generally not civil actions which a defendant may remove under Section 1441(a). See Truong ex rel. Truong v. Grand Trunk W. R.R., 882 F. Supp. 107, 109 (E.D. Mich. 1995) (citing Bank v. Turnbull, 83 U.S. 190, 195 (1872)) (civil action under Section 1441(a) does not embrace proceedings that are merely supplemental, ancillary or incidental to another action; such proceedings not removable to federal court); see also 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, Federal Practice and Procedure § 3721 (3d ed. 1998) (recognizing "sensible judge-made limitation stemming from the civil-action requirement that proceedings that are ancillary to an action pending in state court cannot be removed separately from the main claim"). At least one federal district court has found that despite ERISA's preemptive affect, a motion to enforce a judgment in

---

[4] For example, the motion to enforce bears the caption – including an identical case number – of the original child support proceeding.

a domestic relations proceeding does not constitute a civil action for purposes of removal under Section 1441(a).  See McCane v. McCane, 47 F. Supp.2d 848, 851-52 (E.D. Mich. 1999).  Because Exxon Mobil has purported to remove only the motion to enforce the state court journal entry – which is incidental to the underlying child custody proceeding – it appears that removal is not proper under Section 1441(a).

For these reasons, the Court orders Exxon Mobil to show good cause in writing on or before **July 7, 2008**, why this matter should not be remanded to the District Court of Wyandotte County, Kansas.

**IT IS THEREFORE ORDERED** that plaintiff's Motion For Remand (Doc. #8) filed March 31, 2008 be and hereby is **OVERRULED**.

**IT IS FURTHER ORDERED that Exxon Mobil shall show good cause in writing on or before July 7, 2008, why the Court should not remand the matter to the District Court of Wyandotte County, Kansas.**

Dated this 26th day of June, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge
