**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

MOZELLA JENKINS-DYER,                    )
as next friend of I.N.J.D.,              )
                                         )
                    Plaintiff,           )
                                         )          CIVIL ACTION
v.                                       )
                                         )          No. 08-2095-KHV
EXXON MOBIL CORPORATION,                 )
                                         )
                    Defendant.           )
_____)

**MEMORANDUM AND ORDER**

Mozella Jenkins-Dyer, pro se, filed a motion in Kansas state court to enforce a journal entry

in a child support proceeding which required Connington L. Wood to name his natural daughter as

the beneficiary of his employee life insurance policy.  The motion asked the state court to order that

Exxon Mobil Corporation – Wood's employer – "enforce and recognize" the journal entry.  On

February 29, 2008, Exxon Mobil filed a notice of removal under 28 U.S.C. §§ 1441 and 1446, which

asserted subject matter jurisdiction under 28 U.S.C. § 1331.[1]  See Notice Of Removal (Doc. #1).  On

March 31, 2008, plaintiff filed a motion to remand.  See Motion For Remand (Doc. #8).  On June 26,

2008, the Court overruled the motion to remand, but questioned whether it had subject matter

jurisdiction over the removed action and ordered Exxon Mobil to show good cause in writing why

the case should not be remanded to the District Court of Wyandotte County, Kansas.  See

Memorandum And Order And Order To Show Cause (Doc. #17).  This matter comes before the Court

on Defendant's Response To Order To Show Cause (Doc. #20) filed July 14, 2008.  For reasons

---

[1]      Specifically, Exxon Mobil asserted that plaintiff's motion to enforce court order was
subject to the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001 et seq.

stated below, the Court finds that Exxon Mobil has not shown good cause why the case should not be remanded.

In its previous order, the Court questioned whether Exxon Mobil was a defendant with authority to file the notice of removal and whether Exxon Mobil could remove the motion to enforce the state court journal entry without removing the entire child support proceeding.

## I.      Whether Exxon Mobil Was A Defendant In The State Court Action

In the order to show cause, the Court noted that plaintiff had not joined Exxon Mobil as a defendant in state court and that Exxon Mobil had not sought to intervene.  Section 1441(a) expressly anticipates that defendants will initiate the removal procedure; non-parties are not authorized to remove actions to federal court.  See Am. Home Assurance Co. v. RJR Nabisco Holdings Corp., 70 F. Supp.2d 296, 298-99 (S.D.N.Y. 1999) (non-party, even if real party in interest, has no authority to notice removal under Section 1441(a)); see also Crow v. State Indus., No. 01-2555-GTV, 2003 WL 1053945, at *3, n.3 (D. Kan. Feb. 27, 2003) (expressing doubt that non-party has authority to file notice of removal).  Exxon Mobil does not dispute this point of law, but argues that it should be considered a party to the state case because plaintiff's motion to enforce the state court journal entry – which she served on Exxon Mobil – sought to compel it to pay insurance proceeds under the guise of the child support proceeding.  Exxon Mobil suggests that in essence, the motion served as an amended complaint.  In support of this proposition, Exxon Mobil recites the Tenth Circuit rule that "in a pro se case when the plaintiff names the wrong defendant in the caption or when the identity of the defendants is unclear from the caption, courts may look to the body of the complaint to determine who the intended and proper defendants are."  Trackwell v. U.S. Gov't, 472 F.3d 1242, 1243-44 (10th Cir. 2007).

Because the question is whether Exxon Mobil became a defendant in the state court action, the Court is concerned with Kansas law on the issue.  In this regard, Exxon Mobil has not demonstrated that Kansas courts follow the same rule as the Tenth Circuit with respect to curing an improper caption.  Assuming that they do, however, this is not a case where plaintiff named an incorrect or unclear party in the caption of her state court petition; therefore, the rule expressed in Trackwell has no bearing.  The original state court petition and the motion to enforce the state court journal entry clearly name Connington L. Wood, the father of plaintiff's minor child and the subject of the child support proceeding.[2]  If Exxon Mobil were to join the action, it would do so as an additional defendant, not as a substitute for Wood through a loophole designed to cure a pro se plaintiff's improper caption.

The Kansas Rules of Civil Procedure permit a plaintiff to seek the mandatory or permissive joinder of an additional defendant in certain circumstances.  See K.S.A. §§ 60-219(a), 60-220(a). Although plaintiff proceeded pro se in state court, she was required to follow the rules of procedure which govern all civil litigants in Kansas courts.  Clemons v. State, 182 P.3d 730, 734 (Kan. Ct. App. 2008).  Here, the record does not indicate that plaintiff formally joined Exxon Mobil as a defendant in the state court action, either mandatorily or permissively.  Because plaintiff was bound to follow

---

[2]       Wood died in May of 2007.  The effect of Wood's death on the child support proceeding is a question of state law which the parties have not addressed.  Under Kansas law, where a parent is contractually bound to pay child support after death, the court may enforce that obligation against the parent's estate.  See In re Sweeney's Estate, 210 Kan. 216, 229, 500 P.2d 56, 66-67 (1972).  The Kansas Rules of Civil Procedure provide for the substitution of a deceased party's estate under certain circumstances.  See K.S.A. § 60-225(a).

Exxon Mobil does not argue that Wood's death justifies its substitution as a defendant in the case.  Even if it did, the Court would reject that argument.  If Wood's death makes him an incorrect defendant or creates confusion about the parties to the case, the solution is to substitute his estate, not Exxon Mobil.

the procedural joinder rules, the Court cannot find that she somehow joined Exxon Mobil outside of those rules.

The Kansas Rules of Civil Procedure also permit a non-party to intervene in an action as a matter of right or permissively in certain circumstances. <u>See</u> K.S.A. § 60-224(a)-(b). The record, however, does not indicate that Exxon Mobil became a defendant by intervening in the state court action.

The Court finds no legal support for Exxon Mobil's argument that the motion to enforce the state court journal entry was an amended complaint which impliedly named it as a defendant. Because the record contains no evidence that Exxon Mobil was a defendant in the state court action, either by joinder or intervention, it was not authorized to remove the action to federal court under Section 1441(a). For this reason, the Court lacks subject matter jurisdiction over the removed action.

## II.     Whether Exxon Mobil Removed The Entire State Proceeding

In the order to show cause, the Court noted that Exxon Mobil only purported to remove the motion to enforce the state court journal entry – and not the entire state child support proceeding. Generally, matters which are supplemental, ancillary or incidental to state court proceedings are not civil actions which a defendant may remove under Section 1441(a). <u>See</u> <u>Truong ex rel. Truong v. Grand Trunk W. R.R.</u>, 882 F. Supp. 107, 109 (E.D. Mich. 1995) (citing <u>Bank v. Turnbull</u>, 83 U.S. 190, 195 (1872)) (civil action under Section 1441(a) does not embrace proceedings that are merely supplemental, ancillary or incidental to another action; such proceedings not removable to federal court); <u>see also</u> 14B Charles Alan Wright, Arthur R. Miller & Edward H. Cooper, <u>Federal Practice and Procedure</u> § 3721 (3d ed. 1998) (recognizing "sensible judge-made limitation stemming from the civil-action requirement that proceedings that are ancillary to an action pending in state court cannot

-4-

be removed separately from the main claim"). At least one federal district court has found that despite ERISA's preemptive affect, a motion to enforce a judgment in a domestic relations proceeding does not constitute a civil action for purposes of removal under Section 1441(a). See McCane v. McCane, 47 F. Supp.2d 848, 851-52 (E.D. Mich. 1999). Exxon Mobil does not dispute that incidental matters are not independently removable under Section 1441(a), but argues that it removed the entire child support proceeding from state court.

With respect to the nature of the removed matter, the notice of removal states as follows:

1. On or about January 24, 2008, an action was commenced by plaintiff in the District Court of Wyandotte County, Kansas, entitled I.N.J.-D., by and through her next friend, Mozella M. Jenkins-Dyer v. Connington L. Wood, Case No. 03 D 11521 (the 'Action').

2. The Action was initiated by a 'Motion to Enforce Court Order' filed by plaintiff, who appears pro se. The named defendant in the caption, Connington L. Wood, is deceased.

Notice Of Removal (Doc. #1) ¶¶ 1-2. The allegation that the action commenced on January 24, 2008, and was initiated by plaintiff's motion to enforce the state court journal entry, makes it clear that the motion is the "action" which Exxon Mobil intended to remove. Exxon Mobil argues that it intended to remove the entire proceeding, but plaintiff did not commence the entire proceeding on January 24, 2008, and Exxon Mobil does not argue that the entire proceeding was removable under ERISA (or otherwise). Where removal jurisdiction is challenged, the Court strictly construes the removal statutes and resolves against a defendant any doubt as to the appropriateness of removal. Fajen v. Found. Reserve Ins. Co., 683 F.2d 331, 333 (10th Cir. 1982); see also Baby C v. Price, 138 Fed. Appx. 81, 83 (10th Cir. 2005) (citing McNutt v. Gen. Motors Acceptance Corp., 298 U.S. 178, 189 (1936)) (defendant bears burden to demonstrate appropriateness of removal from state to federal court). Resolving its doubts against Exxon Mobil, the Court finds that the notice of removal reflects

an attempt to remove only the motion to enforce the state court journal entry, which is incidental to the underlying child support proceeding and is not a removable action for purposes of Section 1441(a).  For this reason, the Court finds that it lacks subject matter jurisdiction over the removed matter.

Under 28 U.S.C. § 1447(c), "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."  Accordingly, the Court remands this matter to the District Court of Wyandotte County, Kansas.

**IT IS THEREFORE ORDERED** that this matter be and hereby is **REMANDED** to the District Court of Wyandotte County, Kansas.

Dated this 24th day of July, 2008 at Kansas City, Kansas.

s/ Kathryn H. Vratil
Kathryn H. Vratil
United States District Judge